```
            UNITED STATES DISTRICT COURT
             MIDDLE DISTRICT OF FLORIDA
                FORT MYERS DIVISION
```

TINA YESCAVAGE, individually and
on behalf of all others similarly
situated,

                Plaintiff,

vs.                                  Case No.   2:05-cv-294-FtM-33SPC

WYETH, INC., a/k/a Wyeth Company
F/k/a American Home Products
Corporation, WARNER-LAMBERT
COMPANY, PARKE-DAVIS, a division of
Warner-lambert Company, PFIZER,
INC., MCNEIL-PPC, INC., NOVARTIS
CORPORATION, NOVARTIS CONSUMER
HEALTH, INC., RITE-AID CORPORATION,
PRESTIGE BRANDS, INC., THE PROCTOR
AND GAMBLE COMPANY,

                Defendants.
_____/

**<u>ORDER</u>**

      Before the Court are Plaintiff Tina Yescavage's Motion to Remand (Doc. # 38) and Memorandum in Support (Doc. # 40), filed on July 22, 2005. Defendants Pfizer, Inc. and Warner-Lambert Company filed a Memorandum in Opposition to Plaintiff's Motion to Remand on August 5, 2005 (Doc. # 52.)

      After due consideration of the issue presented, this Court finds that Plaintiff's Motion to Remand should be granted.

**<u>Background</u>**

      Plaintiff filed this putative class action suit in the Circuit Court of the Twentieth Judicial Circuit in and for Lee County, Florida on February 11, 2005. (Doc. # 2.) Plaintiff's two count

complaint alleges that the Defendants violated the Florida Deceptive and Unfair Trade Practices Act (Fla. Stat. § 501.201 et seq.) as well as the Deceptive and Unfair Trade Practices Statutes of all other States of the nation, except Massachusetts, when Defendants distributed, marketed, or sold children's cough syrup which was "no more effective than a placebo in relieving the children's coughs or getting them a good night's sleep." (Doc. 2 at ¶ 3.)

Defendants Pfizer, Inc., Warner-Lambert Company L.L.C., and Parke-Davis Division (a Division of Warner-Lambert Company L.L.C.) removed this action to federal court on June 27, 2005, and allege that federal diversity of citizenship exists pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. §§ 1332(d), 1453 ("CAFA"). (Doc. # 1.)

CAFA, which was signed into law on February 18, 2005, expands federal diversity of citizenship jurisdiction for class actions, inter alia, by relaxing the diversity of citizenship requirements and allowing for the aggregation of the amount in controversy. In addition, the unanimity requirement for removal has been eliminated in cases in which CAFA applies. 28 U.S.C. § 1453(b). The Act states that "[t]he amendments made by this Act shall apply to any civil action commenced on or after the date of enactment of this Act." P.L. 109-2, § 9, 119 Stat. 14.

The aforementioned Defendants allege that the requirements of

CAFA are met in this action because (a) the putative class consists of at least 100 proposed class members [28 U.S.C. § 1332(d)(6)]; (b) the citizenship of at least one of the proposed class members is different from that of any defendant [Id. at § 1332(d)(2)(A)]; and (c) the amount in controversy, after aggregating the claims of the proposed class members, exceeds five million dollars, exclusive of interest and costs [Id. at §§ 1332(d)(2),(d)(6)].

On July 22, 2005, Plaintiff filed a Motion to Remand (Doc. # 38) arguing that CAFA does not apply to the instant case because CAFA was not yet enacted into law when this action was filed in state court.

**Standard of Review**

A motion to remand is the proper vehicle for presenting a challenge to removal. Historically, removing defendants have shouldered the burden of proving removal is proper. See Wilson v. Republic Iron & Steel Co., 257 U.S. 92, 97 (1921); Mitchell v. Brown & Williamson Tobacco Corp., 294 F.3d 1309, 1314 (11th Cir. 2002); United Food and Commercial Workers Union, Local 919 v. Centermark Properties Meriden Square, Inc., 30 F.3d 298, 301 (2d Cir. 1994); Carpenter v. Wichita Falls Indep. Sch. Dist., 44 F.3d 362, 365-366 (5th Cir. 1995); Forest v. Penn Treaty Am. Corp., 270 F.Supp.2d. 1357, 1360 (M.D. Fla. 2003)("Where a plaintiff has objected to defendant's removal, the burden of proof is on the defendant, as the removing party, to prove by a preponderance of

the evidence that the action was properly removed.")

One post-CAFA case has suggested that the provisions of CAFA have shifted the burden of proof with regard to removal. Natale v. Pfizer, Case No. 05-10590-WGY, 2005 U.S. Dist. LEXIS 15350, at *14 (D. Mass. July 28, 2005). In Natale, the court stated: "[T]he burden of removal is on the party opposing removal to prove that remand is appropriate."[1] This Court notes the Natale holding, but determines that the instant Defendants bear the burden of demonstrating that removal was proper, because, as will be discussed infra, this Court finds that the provisions of CAFA do not apply to this case.

Statutes conferring jurisdiction upon federal courts are to be construed narrowly by the removal court. See Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108-09 (1941); Morrison v. Allstate Indem. Co., 228 F.3d 1255, 1268 (11th Cir. 2000).

**Plaintiff's Motion to Remand**

Plaintiff asserts in her Motion to Remand that the provisions of CAFA do not apply to her case because Plaintiff filed her action

---

[1] The court in Natale determined that CAFA has shifted this burden, and in so determining, drew from an unpublished Southern District of California opinion (citations omitted) and cited S. Rep. 109-14, 2005 U.S.C.C.A.N. at 41 which states: "It is the Committee's intention with regard to each of these exceptions that the party opposing federal jurisdiction shall have the burden of demonstrating the applicability of an exemption. . . . The named plaintiff(s) should bear the burden on demonstrating that a case should be remanded to state court."

in state court on February 11, 2005, and CAFA was not enacted into law until February 18, 2005. Defendants assert that the provisions of CAFA apply to the instant case and thus provide for diversity of citizenship because Plaintiff's case was removed to federal court after the enactment of CAFA. Thus, the instant dispute turns on when an action is considered to be "commenced" under CAFA.

If an action is "commenced" when it is first filed in a court of appropriate jurisdiction, as Plaintiff argues, then the present Court would lack federal diversity of citizenship jurisdiction over the instant matter, and remand would be mandated. However, if an action is "commenced" when it is removed to federal court, as Defendants argue, the jurisdiction requirements of CAFA would be satisfied, and the removal of this case proper.

The Eleventh Circuit has not ruled on the issue <u>sub judice</u>; however, the Tenth and Seventh Circuits have clearly ruled that, for the purpose of CAFA, actions are "commenced" when they are filed in a court of appropriate jurisdiction, rather than when they are removed to Federal Court. <u>See</u> <u>Pritchett v. Office Depot, Inc.</u>, 404 F.3d 1232, 1238 (10th Cir. 2005)(holding that an action is "commenced" for the purpose of CAFA when such suit is filed in a court of proper jurisdiction, rather than when the suit is removed to federal court)[2]; <u>Pfizer, Inc. v. Lott</u>, Case No. 05-8013, 2005

---

[2] This Court finds particularly instructive the <u>Pritchett</u> Court's admonition that finding commencement of an action to be the removal date would "allow cases to be plucked from state court on

5

U.S. App. LEXIS 16036, at *3-6 (7th Cir. Aug. 4, 2005), (noting that to allow removal under CAFA for class actions filed prior to CAFA's enactment would be a "radical judicial surgery on the statute."); Schorsch v. Hewlett-Packard Co., Case No. 05-8017, 2005 U.S. App. LEXIS 16465, at *1 (7th Cir. Aug. 8, 2005)("Ever since Congress enacted the Class Action Fairness Act of 2005, defendants have been trying to remove suits that were pending in state court on February 18, 2005, although the statute only applies to suits 'commenced' after that date.")(citations omitted).

This Court is persuaded by the well-reasoned analysis set forth in the Pritchett decision which provided, inter alia, that timely removal to federal court does not constitute "commencement" for purposes of Section 9 of CAFA. The Pritchett Court carefully scrutinized the plain language of CAFA, the legislative intent behind CAFA, and analyzed the Act under well-known cannons of statutory interpretation in reaching its decision regarding the commencement date of actions under CAFA.

To this Court's knowledge, no federal court has adopted the position that Defendants assert concerning when suits are "commenced" under CAFA. Further, this Court has discovered numerous cases which support Plaintiff's position that the commencement date of a suit, for the purpose of CAFA, is the date

---

the eve of trial" thus, disrupting principles of federal-state comity as well as "the settled expectations of litigants." 404 F.3d at 1238.

such suit was filed in a court of appropriate jurisdiction. See, e.g., Schorsch, 2005 U.S. App. LEXIS 16465, at *1; Pfizer, 2005 U.S. App. LEXIS 16036, at *6; Knudsen v. Liberty Mutual Ins. Co., 411 F.3d 805, 2005 U.S. App. LEXIS 10440, at *2 (7th Cir. June 7, 2005)[3]; Pritchett, 404 F.3d at 1232; Natale, 2005 U.S. Dist. LEXIS 15350, at *39; Sneddon v. Hotwire, Inc., Case No. C 05-0951 SI, 2005 U.S. Dist. LEXIS 13257, at *6 (N.D. Cal. June 29, 2005); Bush v. Cheaptickets, Inc., Case No. CV-05-2285, 2005 U.S. Dist. LEXIS 14583, at *5 (C.D. Cal. May 5, 2005); In re Expedia Hotel Taxes and Fees, Case No. C05-0365C, 2005 U.S. Dist. LEXIS 15372, at *6 (W.D. Wash. Apr. 15, 2005).

In addition, this Court finds that Exxon Mobil v. Allaphattah Services, Inc., the Supreme Court case that Defendants rely upon in this cause, is inapposite to the facts of the instant case. 125 S. Ct. 2611, 2005 U.S. LEXIS 5015 (June 23, 2005).  In Exxon Mobil, the Court did discuss the doctrine of removal, but mentioned CAFA

---

[3] The Knudsen Court, did, however, note that "removal practice recognizes this point: an amendment to the pleadings that adds a claim under federal law (where only state claims had been framed before), or adds a new defendant, opens a new window of removal." 411 F.3d 805, 2005 App. LEXIS 10440, at *4-5.  At least one court has applied CAFA to cases filed in state court prior to CAFA's enactment on the basis of a post-CAFA amended complaint. See Adams v. Federal Materials Co., Case No. 5:05CV-90-R, 2005 U.S. Dist. LEXIS 15324, at *14 (W.D. Ky. July 28, 2005)(The court denied the plaintiffs' motion to remand a class action case to state court, but determined that CAFA applied to the action, which was filed prior to CAFA's enactment, only because the plaintiffs amended their complaint to add a new defendant after CAFA's enactment, thus drawing the case into CAFA's purview).

7

only in a passing note.  The Exxon Mobil Court did not directly address the issue pending before this Court.[4]  The Court's brief discussion of CAFA was limited to the instruction that CAFA's terms are not retroactive. 125 S. Ct. 2627.  Further, the Exxon Mobil Court noted that the terms of CAFA had no bearing on its decision. Id. at 2628.

In addition, Defendants' argument, that removal is proper in this case because Defendants' notice of removal was filed within thirty days of service of Plaintiff's complaint, is not well taken. 28 U.S.C. Section 1446(b) states:

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has been filed in court and is not required to be served on the defendant, which ever period is shorter.

The procedure for removal, including the time limitations set forth above, applies only when removal is proper.

In this case, where no federal question has been pled, where Defendants have not alleged that diversity of citizenship exists in the absence of CAFA's relaxed standards for diversity, and where CAFA does not apply because the case was "commenced" prior to

---

[4] In Exxon Mobil, Court addressed the following question: "[W]hether a federal court in a diversity action may exercise supplemental jurisdiction over additional plaintiffs whose claims do not satisfy the minimum amount-in-controversy." 125 S. Ct. at 2615.

8

CAFA's enactment, removal was improper regardless of when the notice of removal was filed. To this end, this Court is persuaded by Judge Posner's observation in <u>Pfizer</u> that "[t]he fact that Congress did not respond by writing "removed" (or "removed after the date of the enactment but within 30 days of the original filing") instead of "commenced" is telling." 2005 U.S. App. LEXIS 16036, at *6.

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED:**

1. Plaintiff Tina Yescavage's Motion to Remand (Doc. # 38) is **GRANTED** and this case is **REMANDED** to the Circuit Court of the Twentieth Judicial Circuit in and for Lee County, Florida.

2. The Clerk is directed to close this case and terminate any previously scheduled deadlines, hearings, and pending motions.

**DONE** and **ORDERED** in Chambers in Fort Myers, Florida, this <u>30th</u> day of August 2005.

<u>/s/ Virginia M. Hernandez Covington</u>
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies:

All Counsel of Record

9